IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH ZAWOYSKY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 09-1186 |
| ) | |
| CHARLES E. KELLEY SUPPORT FACILITY ) | |
| (CEK) USAR INSTALLATION, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Defendant, Charles E. Kelly Support Facility (CEK) USAR Installation, has filed a Motion to Dismiss *pro se* Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket No. 7). *Pro se* Plaintiff filed a Brief in Opposition. (Docket No. 9). As set forth more fully below, after careful consideration of the Motion and related filings, said Motion (Docket No. 7) is granted.

### OPINION

**I. Background**

At the time *pro se* Plaintiff filed his Complaint, he was a civilian army employee working at the Charles E. Kelly U.S. Army Reserve Support Facility. The Complaint asserts that Plaintiff was subject to unsafe working conditions due to improper maintenance of the ventilation system, including the removal of asbestos in November of 2000. (Docket No. 1, p. 1). Plaintiff became ill in March of 2001 and by July of 2001, Plaintiff was in a coma for two to three weeks. *Id.* He returned to work on a partial basis in April of 2002. *Id.* In 2003, Plaintiff started to think about filing a lawsuit, but decided to wait until he retired. (Docket No. 1, pp. 1-2). Then, during an EEO

meeting in July of 2008, Plaintiff was told he had 45 days to file a complaint. *Id.*, at p. 2. As a result, Plaintiff filed an EEO Complaint in August of 2008.[1]

On October 17, 2008, Plaintiff's EEO Complaint[2] was dismissed as untimely pursuant to 29 C.F.R. §1614.107(a)(a). (Docket No. 1-8, p. 1). Plaintiff filed a timely appeal with the EEOC. *Id.* The EEOC affirmed the agency's final decision dismissing Plaintiff's Complaint on the basis of timeliness on April 16, 2009. *Id.*, at p. 3. Plaintiff then filed a request for reconsideration, which was denied on June 4, 2009, because the request failed to meet the requirements for reconsideration set forth in 29 C.F.R. §1614.405(b). (Docket No. 1-9, p. 1).

On September 1, 2009, Plaintiff filed his Complaint in this Court. (Docket No. 1). On March 5, 2010, Defendant filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. (Docket No. 7). The briefing for the same is complete.

## II. Legal Discussion

### A. Standard of Review[3]

Failure to exhaust "constitutes a possible ground for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Phillips v. Sheraton Society Hill,* 163 Fed.Appx. 93, 2005 WL 3484200 (3d Cir. Dec. 21, 2005). When deciding whether to grant or deny a 12(b)(6)

---

[1]The EEOC decision is attached to the Complaint and indicates that Plaintiff filed his EEO Complaint on October 9, 2008. (Docket No. 1-8, p. 1).

[2]Plaintiff's EEO Complaint asserted unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et seq.* and the Age Discrimination in Employment Act of 1967 ("ADEA"). (Docket No. 1-8, p. 1). Therein, he asserted that he was subjected to discrimination on the basis of he race (Caucasian), his national origin (American), his gender (male), his religion (Catholic), and his age (53) when he was required to work in a building that was not properly maintained and had poor circulation from 1995 through 2001. *Id.*

[3]Defendant requests that I rule on this matter as a Motion to Dismiss, but in the alternative, that I consider it as a Motion for Summary Judgment. (Docket No. 8). I am considering the instant Motion as a Motion to Dismiss and decline to convert it to a motion for Summary Judgment.

motion the Supreme Court has held:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544, 555 (2007) (cites and footnote omitted); *see also*, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (a plaintiff's factual allegations must be enough to raise a right to relief above the speculative level).

Most recently, in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court held, ". . . a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).

In *Iqbal,* the Court specifically highlighted the two principles which formed the basis of the *Twombly* decision: First, for the purposes of a motion to dismiss, courts must accept as true all factual allegations set forth in the complaint, but courts are not bound to accept as true any legal conclusions couched as factual allegations. *Id.* at 1949-1950. *See also, Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d. Cir. Aug. 18, 2009). Second, a complaint will only survive a motion to dismiss if it states a plausible claim for relief, which requires a court to engage in a context-specific task, drawing on the court's judicial experience and common sense. *Id.* at 1950. Where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not shown – the complainant is entitled to relief. *Id.,* citing, F.R.Civ.P. 8(a)(2).

  B.  **Title VII and ADEA Claims**

Defendant argues that Plaintiff's Title VII claims and ADEA claim must be dismissed for:

3

(1) failure to exhaust his administrative remedies, and (2) failure to state a claim. (Docket No. 8, pp. 4-9).

### 1. Failure to Exhaust

It is well-established that, if required, "a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Title VII and the ADEA require plaintiffs to exhaust administrative remedies prior to bringing a claim in district court. 42 U.S.C. §2000e-5(e)(1) ("Title VII"); 29 U.S.C. §626(d)(2) ("ADEA"). One of the requirements for exhausting administrative remedies is the timely filing of an administrative charge. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). Failure to comply with this requirement is grounds for dismissal on the basis of failure to exhaust administrative remedies.

Federal employees who believe they have suffered a violation of discrimination based on, *inter alia*, sex, race, color, national origin, or religion (Title VII claims), or age (ADEA claims) must contact an agency's EEO counselor within 45 days of the complained incident. 29 C.F.R. §1614.105(a)(1).[4] I note that nowhere in Plaintiff's Complaint, however, does Plaintiff discuss any type of discrimination, let alone discrimination because of his race (Caucasian), his national origin (American), his gender (male), his religion (Catholic), and his age (53) when he was required to

---

[4]Section 1614.105(a)(1) provides:

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age, disability, or genetic information must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.

29 C.F.R. § 1614.105(a)(1).

work in a building that was not properly maintained and had poor circulation from 1995 through 2001.[5] Nonetheless, even if the Complaint can be construed to somehow allege the same, Defendant argues that Plaintiff's Title VII and ADEA claims are barred because he failed to exhaust his administrative remedies in a timely manner. Even under the most liberal reading of Plaintiff's Complaint, I agree with Defendant that Plaintiff failed to timely file his Title VII and ADEA claims.

Plaintiff should have filed his claim(s) within 45 days of his alleged discrimination. Plaintiff filed his complaint with the EEOC in August of 2008. Thus, his discrimination had to have occurred 45 days prior thereto. In other words, his discrimination had to have occurred sometime between June of 2008 and August of 2008 for his contact with the agency to be timely.

Plaintiff's discrimination/injury described in the Complaint occurred, at the outset, in August of 2001. This is approximately 7 years beyond the 45 day prescribed time period. Thus, Plaintiff failed to timely contact an EEO counselor. Therefore, Plaintiff failed to timely exhaust his administrative remedies.

I will now turn to whether the time for filing should have been equitably tolled.

### 2. **Equitable tolling**

*Pro se* Plaintiff's Complaint may be read to assert the doctrine of equitable tolling. Equitable tolling stops a limitations period from running when the accrual date has already passed. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir.1994). Equitable tolling of a limitations period applies: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* There is no evidence that the second or third scenarios are

---

[5]These were the alleged discriminations that were set forth in Plaintiff's EEO filing, but are not set forth anywhere in his pending Complaint. Compare, Docket No. 1; with, Docket No. 1-8, p. 1.

applicable to this claim. Furthermore, there is no suggestion that Defendant actively misled Plaintiff into not filing his claim. To the contrary, according to his Complaint, Plaintiff started thinking about filing a claim in 2003, but thought that he would wait until he retired. (Docket No. 1, p. 2). Plaintiff simply failed to exercise due diligence with regard to preserving his legal rights. The assertion that he was told at an EEO meeting in July of 2008 that employees have 45 days to file a complaint does not change things. There is no allegation of active misleading on the part of Defendant respecting Plaintiff's claim. Equitable tolling is an extraordinary remedy that should be used sparingly. *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990). There is absolutely nothing in the Complaint that would lead this Court to believe there was any active misleading on the part of Defendant to trick or induce Plaintiff into not filing his charge with the EEO counselor in a timely manner. As such, the application of equitable tolling is not warranted in this case.

Thus, Plaintiff's Title VII and ADEA claims are time barred. Therefore, dismissal of those claims is warranted. Consequently, Plaintiff's Title VII and ADEA claims must be dismissed with prejudice[6] for failure to exhaust.[7]

### C. The Federal Employment Compensation Act ("FECA"), 5 U.S.C. § 8101, *et seq*.

Defendant also asserts that to the extent that Plaintiff is alleging an injury arising during the course of his federal employment, as opposed to discrimination, the exclusive remedy is FECA. (Docket No. 8, pp. 9-10). FECA "provides an exclusive and comprehensive worker's compensation scheme to federal employees for injuries that are 'sustained while in the performance of [their]

---

[6]Typically, a court will permit a plaintiff to amend a complaint. *Phillips,* 163 Fed.Appx. at 94. Dismissal of a complaint without leave to amend is warranted only where there is bad faith, undue delay, prejudice, or it is futile. *Id.* In this case, amendment is futile because Plaintiff cannot now timely exhaust his administrative remedies. Thus, any further effort to exhaust his administrative remedies would be futile. Therefore, amendment is not permitted.

[7]Since I have dismissed the Title VII and ADEA claims for failure to exhaust, I need not discuss the merits of whether Plaintiff's Complaint fails to state a *prima facie* claim under either statute.

duty.'" *Horton v. U.S.,* 114 Fed.Appx. 931, 932 (Aug. 8, 2005), *quoting*, 5 U.S.C. §8102(a).[8]

"Where [the] FECA applies, it unambiguously precludes 'all other liability of the United States" either "under a workmen's compensation statute or under a Federal tort liability statute.' " *Di Pappa v. U.S.*, 687 F.2d 14, 17 (3d Cir. 1982), *quoting,* 5 U.S.C. § 8116(c). The decision to award FECA benefits is entrusted to the Secretary of Labor, whose decision is final and conclusive and not subject to review by this or any other court. 5 U.S.C. §8128(b).[9]

Here, there is no doubt, based on the allegations of his Complaint, that Plaintiff contends he sustained injuries during the scope and course of his performance of his duties of employment. (Docket No. 1). Therefore, his exclusive remedy for the same is under FECA and is not subject to this court's jurisdiction. Consequently, dismissal with prejudice is warranted pursuant to FECA.

---

[8]Section 8102(a) provides as follows:

(a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is--

    (1) caused by willful misconduct of the employee;

    (2) caused by the employee's intention to bring about the injury or death of himself or of another; or

    (3) proximately caused by the intoxication of the injured employee.

5 U.S.C.A. § 8102(a).

[9]Section 8128(b) provides as follows:

(b) The action of the Secretary or his designee in allowing or denying a payment under this subchapter is--

    (1) final and conclusive for all purposes and with respect to all questions of law and fact; and

    (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

5 U.S.C.A. § 8128(b).

### D. Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et seq.*

Defendant also asserts that to the extent that Plaintiff would have any claim under the Federal Tort Claims Act ("FTCA"), said claim should be dismissed for failure to exhaust. (Docket No. 8, pp. 10-12). FTCA waives the sovereign immunity of the federal government in a limited number of circumstances to allow civil actions against the United States for injuries caused by a federal employee while acting within the scope of his or her employment. 28 U.S. C §2679(b)(1).[10] FTCA is the exclusive remedy for claims for money damages sounding in tort for injuries resulting from acts of federal agencies or employees. *Id.* A plaintiff must exhaust his administrative remedies before commencing an action based on an FTCA claim. 28 U.S.C. §2675(a);[11] *McNeil*

---

[10]Section 2675(b)(1) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

28 U.S.C.A. § 2675(b)(1).

[11]Section 2675(a) provides as follows:

(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

*v. U.S.,* 508 U.S. 106, 107-113 (1993). As set forth above, failure to exhaust is a fatal defect. *McNeil,* 508 U.S. at 111. In this case, there is simply no indication of what Plaintiff's FTCA claim(s) is or even that he filed an administrative claim prior to instituting the present suit. What is known, however, is that the alleged events occurred in 2001. Absent prior exhaustion for events that occurred in 2001, dismissal with prejudice[12] is warranted.[13]

---

28 U.S.C.A. § 2675(a).

[12] Any attempt to exhaust administrative remedies for events that occurred in 2001 would be untimely at this point. Consequently, amendment would be futile.

[13] Since I have dismissed Plaintiff's Complaint on various grounds, I need not address Defendant's improper service of process argument. (Docket No. 8, pp. 12-13).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSEPH ZAWOYSKY, JR., )
      )
  Plaintiff, )
      )
  vs. ) Civil Action No. 09-1186
      )
CHARLES E. KELLEY SUPPORT FACILITY )
(CEK) USAR INSTALLATION, )
      )
  Defendant. )

AMBROSE, District Judge

## ORDER OF COURT

And now, this 17th day of May, 2010, upon consideration of Defendant's Motion to Dismiss (Docket No. [7]) is granted. The Complaint is hereby dismissed with prejudice. The case shall be marked "closed."

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
United States District Judge